**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **ALADRIAN WASHINGTON,** individually, *Plaintiff*, v. **FRITO LAY, INC, FRITO LAY NORTH AMERICA, INC, FRITO LAW TEXAS INC, PEPSICO INC,** Delaware limited liability companys, *Defendants.* | Case No. **DEMAND FOR JURY TRIAL** |

**FIRST AMENDED COMPLAINT FOR EMPLOYMENT DISCRINATION**

Plaintiff ALADRIAN WASHINGTON ("Plaintiff" or "Ms. Washington"), by and through her undersigned counsel, DANIEL W. BALDREE as and for her Complaint in this action against Defendants FRITO LAY, INC, FRITO LAY NORTH AMERICA, INC, FRITO LAW TEXAS INC, PEPSICO INC, hereby alleges as follows:

**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment of Plaintiff due to her protected class of gender and its unlawful retaliation against her after she complained about unlawful discrimination in the workplace in violation of the Title I of the American with Disabilities Act of 1990, as amended, 42 U.S.C §§ 12101 *et seq.*; her gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and the Texas Labor Code Chapter 21.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under Section 1981.

The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4. Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to her the Title I of the American with Disabilities Act of 1990, as amended, 42 U.S.C §§ 12101 *et seq.*; her gender (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; and the Texas Labor Code Chapter 21.

5. The EEOC has completed its investigation and issued a NOTICE of RIGHT TO SUE letter on September 26, 2022 and it has not been 90 days since the filing of this suit. Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

6. Plaintiff ALADRIAN WASHINGTON is a Beaumont, Texas resident.

7. Defendant FRITO LAY, INC, is a Delaware limited liability company headquartered in Plano, Texas.

8. Defendant, FRITO LAY NORTH AMERICA, INC is a Delaware limited liabilitycompany headquartered in Plano, Texas.

9. Defendant FRITO LAW TEXAS INC, is a Delaware limited liability company headquartered in Plano, Texas.

10. Defendant PEPSICO INC is a Delaware limited liability company headquartered in Plano, Texas

## BACKGROUND FACTS

11. Throughout Ms. Washington's tenure. Frito Lay subjected her to discriminatory harassment. Ms. Washington is the only female working at her location. Pierre Broussard (Manager of Delivery Specialist, male) began making discriminatory comments about Ms. Washington's sex (female). Mr. Broussard would ask if Ms. Washington was really the one doing the work or if the guys were doing it for her, telling Ms. Washington that most women do not even get her job. Furthermore, during training. Mr. Broussard told Ms. Washington that he over hired for her position because he did not believe that she would stay out of discriminatory animus for her sex.

12. Mr. Broussard would often text or call Ms. Washington before and after work hours to subject plaintiff to increased scrutiny and ask if she liked working there. Ms. Washington constantly reiterated that she was fine to no avail.

13. Ms Washington on or about July 2021 reported these instances to Beatrice (worker safety) and was told she would speak to Mr Brousssard but to no avail, the harassment and retaliation continued.

14. Ms. Washington then requested Mr. Broussard's supervisor's, Ernie's (male). number to further escalate her concerns regarding the incessant discrimination. First, Mr. Broussard actively inhibited her from contacting Ernie by intentionally giving Ms. Broussard the wrong number. Ms. Washington obtained the number front Beatrice on or about August 27, 2021, and explained the discrimination and harassment to Ernie. Who claimed it would not happen again: however, he too failed to take remedial action.

15. Ms Washington was then told that the human Resources Department would have to get involved since it involved harassment. Beatrice then involved Kelly (Human Resources Department, female). Suddenly, Mr. Broussard began retaliating and further discriminating against Ms. Washington by issuing her baseless writeups accusing her of wearing her pants too tight despite the fact that they were not improperly tight, they were simply women's pants.

16. On October 6, 2021. Kelly held a Zoom call with Mr. Broussard, and Ms. Washington where they went over Ms. Washington's concerns of discrimination and harassment. Kelly told Ms. Washington that an investigation would be done. However, a mere two days later, Kelly emailed Ms. Washington stating that she supposedly found no merit in Ms. Washlngton's discrimination claim.

17. Following the investigation. Mr. Broussard further retaliated by falsely altering Ms. Washington's time to baselessly accuse her of now-existent attendance issues and also began befitting her in group chats thatp other employees were in to publicly humiliate her . Mr. Broussard also baselessly extended Ms. Washington's probationary period.

18. Ms. Washington again escalated her concerns of discrimination and retaliation and provided Kelly with texts and proof that her time load been altered. Kelly said they would look at all the texts Ms. Washington had with Mr. Broussard. but instead of investigating. They again refused remedial action

19. Then, to further retaliate against Ms. Washington, Mr. Broussard tricked Ms. Washington into signing a coaching form by handing her a coaching form when lie was passing out the standard safety forum that employees routinely signed. Ms. Washington signed what she was handed thinking that it was the standard safety form that all the other employees were just handed.

20. On October 15, 2021, Ms. Washington suffered a severe anxiety attack at work cause bythe stress from the incessant discrimination and retaliation, and she went to the Emergency Room. The doctor' placed Ms. Washington on no work restriction tor three days. About a week later. Ms. Washington suffered another flare in her disability caused by the ongoing discrimination and retaliation and had to be taken to the Emergency Room again.

21. When Ms. Washington returned to work, Mr. Broussard placed Ms. Washington in a Ramp Program," which per the handbook, is only for employees that leave been out of work for more than six weeks. Mr. Broussard assigned his friend, Kierin Jack (Delivery Specialist, male).to assist Ms. Washington while she was in the programs. but instead of assisting her. he subjected her to further increased scrutiny for Mr. Broussard.

22. Ms. Washington again escalated concerns regarding the discrimination and retaliation to Mr. Broussard and Kelly including explicitly explaining how she did not need to be on the RampProgram; however, again, Frito Lay refused to take any remedial action.

23. On November 9, 2021. an 501b cart fell on Ms. Washington while she was at work. This incident resulted in Ms. Washington needing surgery on her knee, lower back issues, bad headaches. left shoulder injuries. rib injuries. hip injuries. stabbing pains in her legs, and numbness in her fingers. Ms. Washington was cleared to return to work on temporary light duty restrictions.

24. Instead of reasonably accommodating Ms. Washington or otherwise engaging in the interactive process, Mr. Broussard suddenly issued Ms. Washington another baseless disciplinary action accusing her of causing the accident that resulted in her disabl1ity and suspended her until further Notice.

25. Days later, Mr. Broussard terminated Ms. Washington via email under the pretext of the previous baseless disciplinary actions and on the basis of the November 9. 2021, accident that resulted in her disability. The email also stated Ms. Washington could not appeal the determination.

**Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII")**

26. Title VII of the Civil Rights Act of 1964 is a federal law that protects employees against discrimination based on certain specified characteristics: race, color, national origin, sex, and religion. Under Title VII, an employer may not discriminate with regard to any term, condition, or privilege of employment. Areas that may give rise to violations include recruiting, hiring, promoting, transferring, training, disciplining, discharging, assigning work, measuring performance, or providing benefits.

27. Here, Plaintiff was discriminated against as the only woman working this posisition. She was harassed for wearing womans clothing that are appopiate for the job, and was routinely harassed by management.

**Title I of the American with Disabilities Act of 1990; 42 U.S.C §§ 12101 *et seq***

28. This title is designed to help people with disabilities access the same employment opportunities and benefits available to people without disabilities. Employers must provide reasonable accommodations to qualified applicants or employees. A reasonable accommodation is any modification or adjustment to a job or the work environment that will enable an applicant or employee with a disability to participate in the application process or to perform essential job functions.

29. Instead of placing the appropriate work conditions after her injury plaintiff was wrongfully terminated violating this act.

**Texas Labor Code Chapter 21§ 21.051. DISCRIMINATION BY EMPLOYER.**

30. An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer:

(1) fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or

(2) limits, segregates, or classifies an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

31. Here Frito lay committed discrimination based on sex and disability of the Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff ALADRIAN WASHINGTON, individually and on prays for the following relief:

a) An award of actual and/or statutory damages and costs from loss of employment, and discrimination.
b) An order declaring that Defendant's actions, as set out above, violate the the Equal Employment Oppurtunnity Act;
c) ; and
d) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial.

                Respectfully Submitted,

                **ALADRIAN WASHINGTON**, individually

Dated: December 23, 2022        By: /s/ Daniel Baldree
                                                Daniel Baldree (24078183)
                                                The Law Office of Daniel W. Baldree, P.L.L.C.
                                                1250 Hwy 96 S
                                                Silsbee, TX 77656
                                                Phone: (713) 446-1383
                                                Fax: (409) 419-1058

Case 1:22-cv-00600-MAC   Document 2   Filed 12/23/22   Page 9 of 9 PageID #: 18