|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

ALADRIAN WASHINGTON, §
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff, §
　　　　　　　　　　　　　　　　§
*versus* 　　　　　　　　　　　§　　CIVIL ACTION NO.1:22-CV-600
　　　　　　　　　　　　　　　　§
FL TRANSPORTATION, INC., §
　　　　　　　　　　　　　　　　§
　　　　　Defendant. §

## MEMORANDUM AND ORDER

Pending before the court is a Defendant FL Transportation, Inc.'s ("FL Transportation") Motion for Summary Judgment (#21).  Plaintiff Aladrian Washington ("Washington") filed a Response (#23), and FL Transportation filed a Reply (#24).  Having considered the motion, the submissions of the parties, the record, and applicable law, the court is of the opinion that the motion should be granted.

I.　　Background

This case arises out of the termination of Washington's employment with FL Transportation.[1]  By way of her Third Amended Complaint (#14), Washington alleges she was

---

[1] Washington originally sued Frito Lay, Inc., Frito Lay North America, Inc., Frito Law [sic] Texas Inc., and Pepsico Inc. (#2).  On January 30, 2023, these defendants moved to dismiss, arguing that Washington was employed by a separate entity, FL Transportation, Inc., and failed to allege any basis to infer liability against these defendants as either an employer or as a joint employer (#4).  By way of Washington's Third Amended Complaint, Washington dropped her claims against these entities and added FL Transportation, Inc., as the sole defendant (#14).  In the pending motion for summary judgment, counsel defines FL Transportation, Inc. as Frito Lay (#21).  Counsel then references both Frito Lay and FL Transportation, Inc., as the defendant throughout the motion.  According to the Statement of Undisputed Material Facts, FL Transportation, Inc. and Frito Lay are wholly-owned subsidiaries of Pepsico Inc.  In Washington's Response to the Motion for Summary Judgment, Washington refers to the defendant as Frito Lay.  The court, to minimize confusion, will refer to the defendant as FL Transportation, the entity actually sued.

discriminated against, harassed, and retaliated against on the basis of her gender and disability in violation of Title VII of the Civil Rights Action of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*. ("ADA"), and Chapter 21 of the Texas Labor Code.

Washington began her employment with FL Transportation on June 14, 2021, as a Delivery Specialist at the Frito-Lay Traffic Center in Rosenberg, Texas. She was interviewed and hired by Pierre Broussard ("Broussard"). Washington reported to Broussard and received at least two weeks of training.[2] Washington alleges that the employees and managers of FL Transportation subjected her to discriminatory harassment as the only female working at "her location."[3]

Specifically, Washington contends that Broussard began making discriminatory comments about her gender and would ask Washington if she "was really the one doing the work or if the guys were doing it for her, telling [Washington] that most women do not even get her job." Washington alleges that, during training, Broussard told her he "over hired for her position because he did not believe that she would stay out of discriminatory animus for her sex." Washington states that "Broussard would often text or call [Washington] before and after work hours to subject [P]laintiff to increased scrutiny and ask if she liked working there." Washington states she "constantly reiterated that she was fine," but to no avail.

---

[2] The above was taken from the parties' statements of undisputed facts, as this information was not provided in Washington's Third Amended Complaint.

[3] It is unclear if this refers to the Traffic Center in Rosenberg, Texas, or some other location.

Washington contends she reported these instances to Beatrice ("Beatrice"), who was over worker safety, in July 2021.[4] Washington states that Beatrice informed her that she would speak to Broussard. Despite her complaints, Washington alleges "the harassment and retaliation" continued.

To further escalate her concerns about the "incessant discrimination," Washington states she requested the number for Broussard's supervisor, Ernie Camanera ("Camanera"), the Traffic Senior Manager. Washington contends Broussard actively "inhibited" her from contacting Camanera by intentionally giving Washington the wrong number. Washington alleges she obtained Camanera's number from Beatrice on or about August 27, 2021, and informed him of the discrimination and harassment. According to Washington, Camanera told her "it would not happen again" but then failed to take any remedial action.

Washington was then advised that the "Human Resources Department would have to get involved since it involved harassment."[5] According to Washington, Beatrice then contacted Kelly McKeon ("McKeon") from the Human Resources Department. Washington contends that, in response, Broussard "began retaliating and further discriminating against [Washington] by issuing her baseless writeups accusing her of wearing her pants too tight despite the fact that they were not improperly tight, they were simply women's pants."

On October 6, 2021, McKeon held a "Zoom call" with Broussard and Washington where they addressed her concerns of discrimination and harassment. McKeon informed Washington that

---

[4] Washington does not provide Beatrice's last name or title or any information explaining why Beatrice was the appropriate person to whom to report these allegations under the circumstances.

[5] Washington does not state who told her this.

she would investigate the allegations. Washington alleges that despite this promise, a mere two days later, McKeon emailed Washington stating she found no merit to her claim of discrimination.

Washington alleges that following the investigation, Broussard further retaliated against her by falsely altering her time to "baselessly accuse her of non-existent attendance issues" and began publicly humiliating her in group chats with other employees. Washington also contends that Broussard extended her probationary period without any basis.[6] Washington states she then escalated her concerns of discrimination and retaliation and provided McKeon with texts and proof that her "time load" had been altered. McKeon informed Washington she would review all the texts, but she failed to do so and failed to take any remedial action.

In further retaliation, Washington alleges Broussard "tricked" her into signing a coaching form. Washington contends she believed Broussard was passing out the standard safety form for everyone to sign, when, in fact, a coaching form was given to her to sign.[7]

Washington maintains that on October 15, 2021, she suffered a severe anxiety attack at work because of the stress she was under due to the "incessant discrimination and retaliation." As a result, she went to the emergency room where the doctor placed her on work restriction for three days. A week later, Washington suffered another flare up "in her disability" caused by the ongoing discrimination and retaliation, and she was taken to the emergency room again.

When Washington returned to work, she alleges Broussard placed her in a "Ramp Program" which, according to Washington, was designed only for employees who had been out

---

[6] Washington does not specify if this was an extension of her original probationary period as a new hire or for disciplinary reasons. The court assumes this was an extension of her original probationary period based off the Statement of Undisputed Facts.

[7] Washington offers no explanation as to what a "coaching form" is and what consequences resulted due to her signing the coaching form.

of work for more than six weeks.[8]  Washington complains that Broussard assigned his friend, Kierin Jack ("Jack"), a male delivery specialist, to assist Washington while she was in the program.  Washington contends that instead of assisting her, he subjected her to further scrutiny.  Washington states she than reiterated her concerns to Broussard and McKeon and, in doing so, explicitly told them she did not need the Ramp Program.  Despite this, FL Transportation refused to take any remedial action.

Washington asserts that while she was at work on November 9, 2021, a 50-pound cart fell on her, which resulted in her sustaining injuries.  She explains she ultimately needed surgery on her knee and suffered from "lower back issues, bad headaches, left shoulder injuries, rib injuries, hip injuries, stabbing pains in her legs, and numbness in her fingers."  Washington states she was subsequently cleared to return to work on temporary light duty restrictions.

Rather than providing her reasonable accommodations, Washington alleges that Broussard "suddenly" issued her another baseless disciplinary action, accusing her of causing the accident that resulted in her disability, and suspended her until further notice.  Days later, Washington contends Broussard terminated her employment through email under the pretext of the previous baseless disciplinary actions and due to the November 9, 2021, accident that resulted in her disability.  She complains that the email also stated that she could not appeal the determination.

FL Transportation moves for complete summary judgment on all of Washington's claims, arguing that based on the record, she cannot meet the necessary elements of her burden and cannot establish that a genuine dispute of material fact exists with respect to her Title VII, ADA, and

---

[8] Washington does not explain what the "Ramp Program" is beyond that is designed for employees that have been out of work for more than six weeks.

Texas Labor Code claims. Specifically, FL Transportation asserts that Washington cannot establish a *prima facie* case, but that even if she could, FL Transportation has proffered a legitimate, non-discriminatory reason for its actions. Washington responds, arguing that she has sufficiently set forth a *prima facie* case of sex and/or disability discrimination. In its reply, FL Transportation argues Washington fails to offer even a scintilla of evidence to support an alleged *prima facie* case of sex or disability discrimination. FL Transportation contends that Washington's response does not comply with Federal Rule of Civil Procedure 56 and Local Rule CV-56, as it is devoid of evidence, lacks any counterargument to FL Transportation's motion, and does not respond to FL Transportation's Statement of Issues or Statement of Undisputed Facts.[9] In addition, FL Transportation maintains that Washington fails to address all of her claims in the response.

II. Analysis

    A. Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Union Pac. R.R. Co. v. City of Palestine,* 41 F.4th 696, 703 (5th Cir.), *cert. denied*, 143 S. Ct. 579 (2023); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v.*

---

[9] FL Transportation notes that much of Washington's response is a near replica of FL Transportation's motion, noting "[t]he Table of Contents and Table of Authorities are copied verbatim despite the Response not citing those cases. The Response's Conclusion is a duplicate of the Conclusion in Defendant's Motion, including Defendant's prayer for judgment that Washington take nothing." In addition, FL Transportation maintains that Washington copied FL Transportation's Statement of Issues and Undisputed Material Facts while deleting some facts and the citations to the evidence. The court has reviewed the response thoroughly and concurs with this assessment.

*Anderson*, 9 F.4th 328, 331 (5th Cir. 2021). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *MDK Sociedad De Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022); *Goldring v. United States*, 15 F.4th 639, 644-45 (5th Cir. 2021). To warrant judgment in its favor, the movant "must establish beyond peradventure *all* of the essential elements of the claim or defense." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 302 (5th Cir. 2020) (quoting *Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017)); *accord Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023); *MDK Sociedad De Responsabilidad Limitada*, 25 F.4th at 368. The court "should review the record as a whole." *Black v. Pan Am. Lab'ys, LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)); *see Hacienda Recs., L.P. v. Ramos*, 718 F. App'x 223, 234 (5th Cir. 2018). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Seigler v. Wal-Mart Stores Tex., L.L.C.*, 30 F.4th 472, 476 (5th Cir. 2022). The evidence is construed

"in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *accord Lexon Ins. Co., Inc. v. Fed. Deposit Ins. Co.,* 7 F.4th 315, at 321 (5th Cir. 2021); *Geovera Specialty Ins. Co. v. Odoms*, 836 F. App'x 197, 200 (5th Cir. 2020) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[S]ummary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 256 (5th Cir. 2020) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)); *accord Allaudin v. Perry's Rests., Ltd.*, 805 F. App'x 297, 299 (5th Cir. 2020).

    B.    <u>Local Rule CV-56</u>

Local Rule CV-56(b) & (c) provide:

> (b) Response. Any response to a motion for summary judgment must include: (1) a response to the statement of issues; and (2) a response to the "Statement of Undisputed Material Facts." The responsive brief should be supported by appropriate citations to proper summary judgment evidence as set forth below. Proper summary judgment evidence should be attached in accordance with Section (d) of this rule.
>
> (c) Ruling. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

E.D. TEX. CIV. R. 56(b), (c). "A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." E.D. TEX. CIV. R. 7(d).

C. <u>Employment Discrimination</u>

Title VII provides that "[i]t shall be an unlawful employment practice for an employer—(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1); *see Muldrow v. City of St. Louis*, 601 U.S. __, 144 S. Ct. 967, 974 (2024); *Bostock v. Clayton County*, 590 U.S. 644, 654 (2020); *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519, 531 (2015); *Equal Emp. Opportunity Comm'n v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 771 (2015). "The purposes of Title VII are to achieve equality of employment opportunity and to make persons whole for injuries suffered on account of unlawful employment discrimination." *Floca v. Homcare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 417 (1975)); *see Univ. Of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013).

"Title VII discrimination can be established through either direct or circumstantial evidence." *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, at 219 (5th Cir. 2001); *accord Eaglin v. Tex. Child.'s Hosp.*, 801 F. App'x 250, 255 (5th Cir. 2020); *Wallace v. Seton Fam. of Hosps.*, 777 F. App'x 83, 87 (5th Cir. 2019); *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). "Absent direct evidence of discriminatory intent, as is typically the case, proof via circumstantial evidence is assembled using the framework set forth in the seminal case of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 . . . (1973)." *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *see Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 455 (2006); *Reeves*, 530 U.S. at 142-43;

9

*Wallace*, 777 F. App'x at 87; *Cicalese*, 924 F.3d at 766.  This method of analysis is utilized for both Title VII and Texas Labor Code claims.  *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x 203, 208 (5th Cir. 2020); *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012); *see Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).  "Because these two statutory bases are functionally identical" for the purposes of Washington's claims, the court need analyze only her Title VII claims in this opinion.  *Zeng*, 836 F. App'x at 208 (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999)).  Accordingly, if Washington's Title VII claim withstands summary judgment on the basis of fact issues raised in the record, her claims under the Texas Labor Code will also survive.  Conversely, if summary judgment is proper as to Washington's Title VII claim due to the failure to raise a genuine issue of material fact, her Texas Labor Code claims will fail, as well.

Under this framework, the plaintiff must initially establish a *prima facie* case by satisfying a multi-factor test from which a discriminatory motive may be inferred, thus creating a rebuttable presumption of intentional discrimination.  *Reeves*, 530 U.S. at 142-43; *Cicalese*, 924 F.3d at 766; *Haire v. Bd. of Supervisors of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 362-63 (5th Cir. 2013).  "To establish a *prima facie* case, a plaintiff need only make a very minimal showing." *Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 41 (5th Cir. 1996); *accord Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012); *Turner v. Kan. City S. Ry. Co.*, 675 F.3d 887, 892 (5th Cir. 2012) ("The burden of establishing a *prima facie* case of disparate treatment is not onerous.").

If the plaintiff establishes a *prima facie* case, the burden then shifts to the defendant to articulate—but not prove—a legitimate, nondiscriminatory reason for its employment decision.

*Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003); *Reeves*, 530 U.S. at 142; *McDonnell Douglas Corp.*, 411 U.S. at 802; *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020). "This burden is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993)*, overruled in part on other grounds by Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 169-70 (2009)); *accord Park v. Direct Energy GP, L.L.C.*, 832 F. App'x 288, 295 (5th Cir. 2020); *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). "The [employer] can meet this burden by submitting evidence that if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Sullivan v. Worley Catastrophe Servs., L.L.C.*, 591 F. App'x 243, 246 (5th Cir. 2014) (quoting *Hicks*, 509 U.S. at 507); *accord Vaughn*, 665 F.3d at 636.

"Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Reeves*, 530 U.S. at 143 (quoting *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)); *accord Hicks*, 509 U.S. at 507; *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 248 (5th Cir. 2017). In attempting to satisfy this burden, the plaintiff must "offer sufficient evidence to create a genuine issue of material fact either (1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, while true, is only one of the reasons for its conduct, and another motivating factor is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 702 (5th Cir. 2014)

(quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)); *accord Vaughn*, 665 F.3d at 636; *Fahim v. Marriott Hotel Servs.*, 551 F.3d 344, 349 (5th Cir. 2008).

D. Discussion

At the outset, the court notes that Washington has abandoned or waived her claims of retaliation and harassment. She vaguely refers to "unlawful retaliation," "wrongful termination" (seemingly with a retaliatory motive), and "discriminatory harassment" in her pleadings. Washington, however, fails to plead an independent cause of action for retaliation or harassment in her Third Amended Complaint under either Texas VII or the Texas Labor Code. She asserts very few factual allegations in support of either claim. Moreover, she does not address these claims in her response to the motion for summary judgment. When a party fails to pursue a claim or defense beyond the party's initial complaint, the claim is deemed abandoned or waived. *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2007); *Keenan v. Tejeda*, 290 F.3d 252, 262 (5th Cir. 2002). As Washington failed to pursue her claims of retaliation and harassment, these claims are no longer before the court, and they are considered abandoned and waived.

As to Washington's claims of gender and disability discrimination, her response is wholly deficient to defeat summary judgment as she has failed to comply with Federal Rule of Civil Procedure 56 and Local Rule CV-56. Washington's response lacks any proffer of summary judgment evidence such as deposition transcripts and affidavits or any citation to evidence, even evidence offered by FL Transportation, in moving for summary judgment. This court has no duty to scour the record looking for evidence to "unearth an undesignated genuine issue of material fact." Local Rule CV-56(c). Washington merely relies on the unsupported allegations in her pleadings which are wholly insufficient to defeat summary judgment. *Celotex Corp.*, 477 U.S.

12

at 322 n.3; *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) ("When the moving party has met its Rule 56([a]) burden, the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings."); *Larry v. White,* 929 F.2d 206, 211 n.12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence.").[10] Washington's failure to oppose FL Transportation's motion for summary judgment pursuant to Local Rule 7(d) creates a presumption that she does not controvert the facts forth by FL Transportation and has no evidence to offer in opposition to the motion. E.D. TEX. CIV. R. 7(d). To defeat summary judgment, Washington must set forth and support her allegations with summary judgment evidence showing a genuine dispute of material fact for trial. *S&W Enterprises, L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 537 (5th Cir. 2003). In this instance, Washington has failed to present such evidence, and in its absence, the court may not assume that Washington could or would prove the necessary facts. *Little*, 37 F.3d at 1075.

III.   Conclusion

Accordingly, FL Transportation's Motion for Summary Judgment (#21) is GRANTED. Washington has failed to put forth any evidence to create a genuine dispute of material fact. As no material facts are in dispute, FL Transportation is entitled to judgment as a matter of law.

SIGNED at Beaumont, Texas, this 24th day of June, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[10] Washington's Third Amended Complaint is unsworn (#14).